

U.S. Department of Justice

United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

April 2, 2004

Page Kelly
Office of the Federal Defender
408 Atlantic Avenue
Boston, MA 02110

      Re:  United States v. Judy E. Collymore
           Criminal No.  04-10096-JLT

Dear Ms. Kelly:

    Pursuant to Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts, the government hereby provides you with the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16(a)(1)(A)</u>

    a.    <u>Written Statements</u>

    I am not aware of any relevant written statements of the defendant Judy E. Collymore (hereinafter referred to as "the defendant") in the possession, custody, or control of the government.

    b.    <u>Recorded Statements</u>

    There are no relevant recorded statements in the possession, custody, or control of the government.

    c.    <u>Oral Statements to then Known Government Agents</u>

    The defendant spoke to law enforcement agents both before and after her arrest.  After she had signed the consent form and had been taken to Whidden Memorial Hospital, the defendant admitted to agents, among other things, that she had swallowed

approximately 135 pellets of cocaine prior to leaving Jamaica. delivery of the pills. A copy of the relevant report from the Customs Inspectors and other materials pertaining to this arrest have been produced and any additional reports will be produced upon receipt. Additional information concerning these statements can also be found in the complaint affidavit previously provided.

I am also providing you with several photographs of the cocaine pellets recovered from the defendant at Whidden Memorial Hospital. These photographs are attached and are numbered documents 18-20.

2. Defendant's Prior Record under Rule 16(a)(1)(B)

I understand that you received a copy of the defendant's prior criminal record from Pretrial Services. Please contact me if you need a duplicate copy.

3. Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items that the are within the possession, custody, and control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this matter, or were obtained from or belong to the defendant may be examined by contacting the undersigned Assistant United States Attorney and making an appointment to view the same at a mutually convenient time.

4. Reports of Examinations and Tests under Rule 16(a)(1)(D)

A copy of the DEA-7 regarding the drugs recovered from the defendant at the time of her arrest will be forwarded upon receipt.

Should we be unable to reach a stipulation as to the results of the examination of the drugs seized in this case, the government plans to offer expert testimony concerning the results of the laboratory analysis of the drug exhibits.

B. Search Materials under Local Rule 116.1(C)(1)(b)

No search warrants were conducted in this case. As you know, however, an x-ray of the defendant was taken at Whidden Memorial Hospital. Any items seized from the defendant at the time of her arrest may be examined by appointment in accordance with paragraph 3, above and a copy of any agency reports describing any inventory search will be provided to you upon receipt by this

office.

The government is not in possession of reports related to the seizures of evidence in this case that it anticipates offering in its case-in-chief beyond those items otherwise described in this letter.

C.   <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire or electronic communications of your client were intercepted by the government in connection with this case pursuant to 18 U.S.C. §§ 2510-2518.

D.   <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

No consensual interceptions were made in this case.

E.   <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>



F.   <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo-spread or other display of an image of the defendant.

G.   <u>Exculpatory Evidence under Local Rule 116.2</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.   The government is aware of no evidence that would tend directly to negate the defendants' guilt concerning any count in the Indictment.

2.   The government is aware of no information that would cast doubt on the admissibility of evidence that the government

anticipates offering as part of its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness whom the government anticipates calling as part of its case-in-chief.

4. The government is unaware that any of its named case-in chief-witnesses has any criminal record or criminal cases pending.

5. No named percipient witness failed to make a positive identification with respect to the crimes described in the indictment.

H.  Other Matters

The government recognizes that its duty of disclosure and discovery as set forth in Local Rule 116 and Rule 16 of the Federal Rules of Criminal Procedure is a continuing one. In addition, please consider this letter to be a request for reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b). I request that you provide a written response to my request for reciprocal discovery within 10 days of receipt of this letter.

I understand that the defendant was advised of her right to consult with consular officials from Barbados and that the Barbados Consulate in New York has been notified of the defendant's arrest. If you believe that any additional notification is required, please advise me at once.

If you have any questions about any of this information or wish to discuss this case with me, please call me at (617) 748-3207.

                                        Very truly yours,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                    By: _____
                          JOHN A. WORTMANN, JR.
                          Assistant U.S. Attorney

Enclosures
cc:  Thomas Quinn, Courtroom Clerk to
     U.S. Magistrate Judge Judith G. Dein
     (information regarding coconspirators redacted)