UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-CR-10096-JLT |
| | ) | |
| JUDY COLLYMORE | ) | |
| | ) | |

SENTENCING MEMORANDUM OF JUDY COLLYMORE

The defendant, Judy Collymore, through counsel, Page Kelley, files this motion asking the Court first, when calculating Ms. Collymore's guideline range, to grant her a reduction for her role in the offense, and second, to grant her a downward departure on the basis of her extraordinary post offense rehabilitation. This argument is set out below in Part II.

Ms. Collymore also requests that the Court impose a sentence below the range which would result from application of the federal sentencing guidelines, pursuant to 18 U.S.C. § 3553 and the Supreme Court's decision in *United States v. Booker* and *United States v. Fanfan*, 125 S. Ct. 738 (2005). This argument is set out below in Part III.

**I.     Introduction**

**A. Procedural History**

On March 26, 2004, Judy Collymore was arrested by agents of Immigration and Customs Enforcement at Logan Airport. She was found to have 142 pellets containing cocaine in her abdomen. She was indicted for conspiracy to import cocaine and importation of cocaine in April, 2004. She pled guilty on October 3, 2005.

Ms. Collymore has been on pretrial release since March 31, 2004. While on pretrial release she attended inpatient drug treatment at Gosnold Treatment Center in Falmouth,

Massachusetts, from September 16, 2004, to April 22, 2005. After having been a cocaine addict for almost twenty years, she has been completely substance-free from September 16, 2004, to the present. Her recovery and the steps she is now taking to remain sober are detained in part II, below.

    B. **Personal History**

Ms. Collymore is a 56 year old native of Barbados. She has lived in the United States since she was a teenager. She is not a United States citizen, and she anticipates that the conviction in this case will result in her deportation from the United States. Ms. Collymore has extensive family in the Boston area, including sisters, nieces, her son, Jason Collymore, age 26, and her grandson, age 20 months. Ms. Collymore is the primary caregiver for her elderly mother, Miriam Collymore, age 92, who resides in Brockton, Massachusetts.

Ms. Collymore's involvement in the instant case was a direct result of her drug addition. She developed a serious dependency on crack cocaine in her thirties, after a boyfriend introduced her to it. For twenty years she struggled to maintain a normal working life, taking care of her son and mother while supplying her habit. Since she has entered recovery as a result of this case, she has totally given up substance abuse of any kind and has completely reformed herself.

II.    **The Court should grant Ms. Collymore a reduction in her offense level under the sentencing guidelines for her role in the offense, and grant a downward departure because of her extraordinary post-offense rehabilitation.**

    A. **The Court should grant Ms. Collymore a reduction in her offense level because of her role in the offense.**

It is not disputed that Ms. Collymore was what is commonly referred to as a "mule." She was not the source of the contraband, nor did she distribute it once in the United States. She was

simply a human vessel for carrying the contraband into the country. Consequently, she meets the criteria set out in U.S.S.G. § 3B1.2(b) and application notes 2 and 3 and should be awarded a two-level decrease in her base offense level.

Many decisions in cases involving similar circumstances reflect agreement amongst the District Court that such a reduction is appropriate.  See United States v. Habeeb Azeez, Criminal No. 03-10350-RCL (Judge Lindsay awarded two level decrease for courier role in smuggle of heroin);  United States v. Yvette Jansen, Criminal No. 01-10193-RCL (Judge Lindsay awarded, on Probation Department recommendation, two-level decrease for courier role in smuggle of ecstacy); United States v. Roland Ruehn & Danut Sur, Criminal No. 00-10339-RCL (Judge Lindsay awarded decrease for airport courier role to both defendants in smuggle of ecstacy); United States v. Dorka Morales, Criminal No. 00-10411-DPW (Judge Woodlock awarded, on Probation Department recommendation, two-level decrease for courier role in airport smuggle of ecstacy); United States v. Jeimy Yudelka Salcedo-Sanchez, Criminal No. 00-10424-DPW (same, modifying Probation Department recommendation of no role reduction); United States v. Gustavo Andres Zuluaga, Criminal No. 00-10250-MLW (Judge Wolf awarded four-level reduction for courier role, modifying Probation Department and government recommendation of two-level reduction); United States v. Disenia Gonzalez, Criminal No. 00-CR-10013-RGS (Judge Stearns awarded, in large-conspiracy ecstacy smuggle, four-level reduction for courier role); United States v. Manuel Fernandez Rodriguez, Criminal No. 02-10340-NG (Judge Gertner awarded four-level reduction for courier role in single airport smuggle, modifying Probation Department and government recommendation of two-level reduction); United States v. Patricia Suarez Lopez, Criminal No. 01-10434-REK (Judge Keeton awarded, on Probation Department

recommendation, two-level decrease for courier role in smuggle of ecstacy); United States v. Rosa Marquez, Criminal No. 01-10042-DPW (Judge Woodlock awarded, on Probation Department recommendation, two-level decrease for courier role in single smuggle).

**B. Ms. Collymore has demonstrated extraordinary post-offense rehabilitation**.

In determining the advisory guidelines, the Court may consider a defendant's post-offense rehabilitation as grounds for a downward departure where rehabilitation is present "to such an exceptional degree that the situation cannot be considered typical." *United States v. Bradstreet*, 207 F.3d 76, 83 (1st Cir. 2000). In *United States v. DeShon*, 183 F.3d 888, 889 (8th Cir. 1999), the Eighth Circuit Court of Appeals affirmed a downward departure based on the defendant's exceptional efforts at rehabilitation. After his offense, the defendant "made a decision to radically alter his lifestyle." *Id*. He became active in his church; obtained employment and worked long hours; and changed his priorities in life. The Court held that these significant efforts to change his life warranted a downward departure. *Id*. See also *United States v. Craven*, 239 F.3d 91, 99 (1st Cir. 2001) (while rare, in appropriate case extraordinary presentence rehabilitation can be ground for downward departure) and cases cited.

Judy Collymore was addicted to cocaine for nearly twenty years. Her commission of the charged crime in this case was a direct result of her addiction, as she expected to be paid for being a drug courier with drugs for her own use. She had never received any kind of drug treatment until she entered the Gosnold Treatment Inpatient Program in Falmouth, Massachusetts, in September of 2004. It is not an exaggeration to say that Ms. Collymore found religion at Gosnold. She has been drug-free since the day she entered that program.

Ms. Collymore graduated from Emerson House in April, 2005. Since that time she has taken complete responsibility for her recovery. She attends AA and NA meetings in Bridgewater, and Brockton, Massachusetts at least five nights a week. Under the auspices of her AA meeting group, she has gone to the Brockton Hospital and the Salvation Army in Brockton to do "commitments," counseling patients and telling other addicts how they can help themselves. She has acted as secretary of one of her groups and chaired meetings. She has gone to the Department of Youth Services in Brockton and spoken to a group of young women there about addiction and lifestyle issues. She has returned to Emerson house and spoken to clients there about their recovery.

Ms. Collymore is so enthusiastic about her recovery and has been so moved by her experience helping others that she has enrolled in a program at University of Massachusetts to become certified as a counselor for drug and alcohol addiction treatment. The program starts February 11, 2006.

Judy Collymore's conduct here meets the three part test set out in *Craven*, *supra* at 99, for warranting a downward departure based on extraordinary post offense rehabilitation: the circumstances are unusual enough to justify the departure, they are adequately documented in the record; and a downward departure on these grounds is reasonable. She has demonstrated such responsibility for her actions and such determination to reform herself that "the situation cannot be considered typical" *see United States v. Bradstreet*, *supra*.

### III.    Argument for Booker Variance based on 18 U.S.C. § 3553 considerations.[1]

---

[1] The sentencing factors which *Booker/Fanfan* require the district courts to consider include:

Ms. Collymore asks the Court to reduce her sentence in light of the factors set out in 18 U.S.C. § 3553. Ms. Collymore relies on the information set out above concerning the nature and circumstances of the offense and her history and characteristics.

With regard to the question of recidivism, it is apparent that Ms. Collymore is at no risk of committing further crimes. Her actions since her arrest - remaining drug free; taking total responsibility for her actions; and reaching out to others to try to help them not to make the mistakes she made - bode well for her future and indicate that she poses no danger to society. In addition, her actions in talking with the government, giving them complete and truthful information concerning her criminal conduct, strikingly demonstrate her remorse and her desire to do the right thing.

Another factor the Court should consider is that Ms. Collymore provides essential, daily care for her infirm, 92 year old mother. Miriam Collymore, a widow, lives alone in "elder housing" at a public housing facility in Brockton, Massachusetts. She does not receive any services through the housing facility, but must rely on her family for her necessary daily care.

---

(1) the nature and circumstances of the offense and the history and characteristics of the defendant [§ 3553(a)(1)];
    (2) the need for the sentence imposed to
        (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner [§ 3553 (a) (2)];
    (3) the kinds of sentences available [§ 3553 (a) (3)];
    (4) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range [§ 3553 (a) (4) & (a) (5)];
    (5) the need to avoid unwarranted sentencing disparity among defendants with similar records that have been found guilty of similar conduct [§ 3553 (a) (6)]; and
    (6) the need to provide restitution to victims of the offense [§ 3553 (a) (7)].

She cannot walk, go to the bathroom, bathe and dress herself, or prepare food without assistance. She takes daily medications which must be administered to her. She falls when left alone. She has been diagnosed with diabetes, arthritis, congestive heart disease, and possible kidney cancer. She must be taken to the doctor frequently.

Judy Collymore is the primary care taker for her mother, as her sisters are unable to provide consistent care because of their own family and work responsibilities. On a typical day Judy will arrive around 6:00 a.m. in the morning. Her daily routine includes preparing Mrs. Collymore's meals, waking her, cleaning her and changing the sheets, dressing her, feeding her, administering her medications, and transporting her to doctors appointments. Mrs. Collymore did attend adult day care in the past, but she has been going less frequently because she has been sick this winter and has been hospitalized several times. When Judy has a conflict due to a meeting with the courts, attending AA or NA meetings or other responsibilities, her son Jason Collymore, who is 26 years old, helps to care for Mrs. Collymore.

## IV.     Conclusion

For the reasons set out in part II, above, Ms. Collymore asks the Court to grant her a downward departure from the applicable advisory guideline range. For the reasons set out in part III, she asks the Court to reduce her sentence in light of the factors set out in 18 U.S.C. § 3553.

                    JUDY COLLYMORE
                    By her attorney,
                    /s/ Page Kelley
                    Page Kelley
                      B.B.O. #548237
                    Federal Defender Office
                    408 Atlantic Avenue, 3rd Floor
                    Boston, MA  02110
                    Tel: 617-223-8061

Date: February 1, 2006

CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 1, 2006. .

                    /s/ Page Kelley
                    Page Kelley